IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FOUR HENRY RIFLES and AMMUNITION,<br><br>Defendants. | CV 16-36-GF-BMM<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW, DEFAULT JUDGMENT, AND ORDER OF FORFEITURE |

This matter is brought before this Court by Plaintiff, United States, by and through its attorney, Victoria L. Francis, Assistant U.S. Attorney for the District of Montana. The United States has filed a Motion for Entry of Default Judgment and Order of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2). Upon considering the pleadings filed herein, the Court makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

1. On April 26, 2016, the United States instituted a judicial forfeiture action by filing in this cause a Verified Complaint *In Rem* against four Henry Rifles and ammunition, herein after referred to as "defendant property", under 18 U.S.C. § 924(d) in violation of 18 U.S.C. § 922(g)(1) and (g)(3). The defendant property

1

constitutes firearms which were "straw purchased" for Leonard Johnson, a convicted felon prohibited from possessing firearms, for Johnson's personal use and benefit, by Janet Richards, in violation of 18 U.S.C. § 922(g)(1) and (g)(3).

2. On May 11, 2016, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives executed the Warrant of Arrest *In Rem* that was issued by this Court on April 29, 2016, and arrested the defendant property. (Doc. 6).

3. On April 29, 2016, the United States provided "direct notice" of this forfeiture action by sending via certified mail and first-class U.S. mail copies of the Notice of Civil Judicial Forfeiture and Verified Complaint *In Rem* (Docs. 1 and 3) to Janet Richards at the address provided in her administrative claim, and Leonard Johnson, at the address last known to law enforcement, as authorized by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(4)(b)(iii)(B) and (E). (Dec. in Supp. of Default, Doc. 9, para. 3) The certified mailing to Janet Richards was returned by the U.S. Postal Service as delivered and signed for. The certified mailing to Leonard Johnson was returned by the U.S. Postal Service as "unclaimed". The first-class mailing to Janet Richards was not returned by the United States Postal Service; therefore, it is presumed the mail was delivered to the addressee. The first-class mailing to Leonard Johnson was returned by the United States Post Office with a hand written note on it stating "not at this address" and "return". Searches conducted by state and federal law

enforcement of various law enforcement websites, Google.com, and other people-finder websites were conducted and all list Johnson's address as that used in this office's notifications. There are no other addresses available to law enforcement for the current address of Leonard Johnson. Leonard Johnson did not file an administrative claim to the defendant property. However, service by publication pursuant to Supplemental Rule G includes all persons who may make a claim to the defendant property as discussed below. (Doc. 10).

4. Notice of this forfeiture action was also provided to known and unknown potential claimants by publishing on the government's asset forfeiture website the Notice of Forfeiture Action for 30 consecutive days, beginning on May 4, 2016, and ending on June 2, 2016. The "Notice of Forfeiture Action" provides in pertinent part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (May 4, 2016) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .

(Dec. of Publication, Doc. 7, Att. 1).

5. Upon considering the United States' Motion for Entry of Defaults (Doc. 8), the Clerk of District Court entered the defaults of Janet Richards and Leonard Johnson, and any unknown potential claimants, on August 18, 2016, for failure to

timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 11).

6. The factual allegations set forth in paragraphs 4 through 30, Doc. 1, are verified by Christopher Fay, Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. (Doc. 1, p. 19)

7. The totality of the circumstances demonstrates that the firearms were possessed unlawfully in violation of 18 U.S.C. Section 922(j). The circumstances include, but are not limited to: the straw purchase of firearms by Janet Richards with money provided by Leonard Johnson, a convicted felon prohibited from possessing firearms, for Johnson's personal use and benefit, under 18 U.S.C. 922(g)(1) and (g)(3). The firearms were purchased after Richards answered with false information on the ATF Form 4473 regarding who the transferee of the firearms was in purchasing the firearms, in violation of 18 U.S.C. 922(a)(6). Richards actively participated in providing and illegally transferring firearms to Johnson knowing that he was prohibited. Some firearms in Johnson's home were loaded and Johnson had access and possession of all firearms, which he paid for. The firearms in question were found under the bed in the master bedroom of Johnson's home at the time of seizure, and he admitted to possession of various firearms and ammunition. Johnson further admitted to marijuana use in violation of U.S.C. 922(g)(3). (Doc. 1, para. 30)

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

**CONCLUSIONS OF LAW**

8. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The United States has filed a Verified Complaint for Forfeiture *In Rem* to forfeit the defendant property", under 18 U.S.C. § 924(d) in violation of 18 U.S.C. § 922(g)(1) and (g)(3). The defendant property was possessed unlawfully in violation of 18 U.S.C. § 922(j) and constitutes firearms which were "straw purchased" for Leonard Johnson, a convicted felon prohibited from possessing firearms, for Johnson's personal use and benefit, by Janet Richards, in violation of 18 U.S.C. § 922(g)(1) and (g)(3). Therefore, the defendant property is forfeitable pursuant to 18 U.S.C. § 924(d)(1).

9. Pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b) or (c), venue is proper in this district because this is a civil proceeding to forfeit the defendant property found in this district and the acts or omissions complained of occurred in this district.

10. Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

11. The Verified Complaint for Forfeiture *In Rem* sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial as required by Supplemental Rule G(2)(f), to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the defendant property described in the verified complaint. The facts contained in the verified complaint support the institution of these forfeiture proceedings for a knowing and willful violation of 18 U.S.C. § 922(g)(1) and (g)(3).

12. The totality of the circumstances as described in the Verified Complaint demonstrates the defendant property constitutes firearms which were "straw purchased" for Leonard Johnson, a convicted felon prohibited from possessing firearms, for Johnson's personal use and benefit, by Janet Richards, in violation of 18 U.S.C. § 922(g)(1) and (g)(3).

13. Notice of this action was properly provided to known potential claimants Janet Richards and Leonard Johnson, in accordance with Supplemental Rule G(4)(b)(iii)(B) by sending notice to each addressee at the address provided in Janet Richards' administrative claim and Leonard Johnson's last known residential address, as authorized under Supplemental Rule G(4)(b)(iii)(E).

14. Notice by publication was also provided to known and unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

15. In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2)

and G(5), the Clerk of District Court properly entered the defaults of Janet Richards, Leonard Johnson, and known and unknown potential claimants. (Doc. 11).

16. Pursuant to Fed. R. Civ. P. 55(b)(2), the United States is entitled to a judgment of default against the defendant property, and any claims to the defendant property. The United States is further entitled to an order of forfeiture of the defendant property.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The United States is granted a default judgment against the defendant property and against any person asserting a claim to, or interest in, the defendant property.

2. The defendant property, consisting of four Henry firearms and ammunition, is hereby forfeited to the United States and shall be disposed of in accordance with the law.

**DATED** this 13th day of September, 2016.

_____
Brian Morris
United States District Court Judge